**DEREK SMITH LAW GROUP, PLLC**
IAN M. BRYSON, ESQUIRE
Attorney ID: 321359
450 7th Avenue, 30th Floor
New York, NY 10123
Direct: (267) 857-0849
ian@dereksmithlaw.com
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JONATHAN RIDEOUT, | |
| Plaintiff, | Civil Action No. |
| v. | JURY TRIAL DEMANDED |
| LB WATER; LB WATER SERVICES, INC.; and ADAM WHITE, | **COMPLAINT** |
| Defendants. | |

**NATURE OF THE ACTION**

1. Plaintiff Jonathan Rideout ("Plaintiff" or "Mr. Rideout"), by and through his undersigned counsel, hereby complains of Defendants LB Water, LB Water Service, Inc., and Adam White (collectively, "Defendants"), and alleges as follows:

2. This is an action for unlawful employment practices in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq. ("ADA"); the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq. ("PHRA"); and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA").

3. Plaintiff seeks damages and equitable relief for Defendants' discrimination, retaliation, failure to accommodate, hostile work environment, interference with FMLA rights, and wrongful termination.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343.

5. This Court has supplemental jurisdiction over Plaintiff's related state law claims under 28 U.S.C. § 1367.

6. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in Lancaster County, Pennsylvania, within the Eastern District of Pennsylvania.

## PARTIES

7. Plaintiff Jonathan Rideout is an adult individual residing in Lancaster County, Pennsylvania. At all relevant times, Plaintiff was employed by Defendants as a CDL Delivery Driver.

8. Defendant LB Water is a business entity with a principal place of business in Ephrata, Pennsylvania, and was Plaintiff's employer within the meaning of the FMLA, the ADA, and the PHRA.

9. Defendant LB Water Services, Inc. is a business entity with a principal place of business in Selinsgrove, Pennsylvania, and was Plaintiff's joint employer within the meaning of the FMLA, the ADA, and the PHRA.

10. Defendant Adam White is an adult individual who at all relevant times was Plaintiff's supervisor and participated directly in the discriminatory and retaliatory conduct. He is individually liable under the PHRA.

## ADMINISTRATIVE EXHAUSTION

11. On or about February 2024, Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), which was dual-filed with

the Pennsylvania Human Relations Commission ("PHRC").

12. The EEOC issued Plaintiff a Notice of Right to Sue on May 22, 2025.

13. The PHRC issued Plaintiff a Notice of Right to Sue on July 29, 2025.

14. This action is timely filed and Plaintiff has exhausted all administrative prerequisites to bringing this lawsuit.

## FACTS

15. Plaintiff was hired by Defendants on or about June 7, 2021.

16. Plaintiff performed his job duties satisfactorily at all times.

17. Plaintiff suffers from plantar fasciitis in both feet, requiring multiple surgeries.

18. Plaintiff is an individual with a disability within the meaning of the ADA and PHRA, and/or was regarded by Defendants as disabled.

19. Plaintiff also has two disabled children for whom he is a primary caregiver.

20. In early 2023, Plaintiff notified Defendants he would need medical leave for surgeries.

21. Defendants approved his request, and Plaintiff commenced FMLA-qualifying medical leave in June 2023.

22. Plaintiff remained in communication with Defendants during his leave regarding his return-to-work status.

23. Plaintiff returned to work on or about August 29, 2023, with medical clearance.

24. On August 31, 2023, Defendant Adam White held a warehouse meeting and announced that Plaintiff would be the sole employee required to carry the emergency on-call phone 24 hours a day, 7 days a week.

25. Historically, on-call duties had been shared among employees on a rotating basis.

26. Plaintiff explained he could not accept 24/7 on-call responsibility due to his disability and

3

caregiving obligations, and requested a reasonable accommodation in the form of a rotation.

27. Defendant White refused, stating, "I'm not asking you, I'm telling you you're doing it."

28. Defendant White further threatened Plaintiff by stating, "If you don't take it, we are having a different conversation," implying termination.

29. On September 1, 2023, Plaintiff reiterated that he could participate in a rotation but could not serve as the sole on-call employee.

30. Defendant White again refused and terminated Plaintiff's employment.

31. Plaintiff immediately contacted Human Resources, which confirmed his termination and failed to correct or investigate the discrimination.

32. Defendants' actions were motivated by discriminatory animus, retaliatory intent, and interference with Plaintiff's protected medical leave rights.

33. As a result, Plaintiff has suffered lost income, lost benefits, emotional distress, humiliation, and other damages.

34. The above are just some of the examples of unlawful discrimination and retaliation to which Defendant subjected Plaintiff.

35. Plaintiff claims that Defendant discriminated against Plaintiff on the basis of his disability, his association with disabled family members, and because he opposed unlawful conduct.

36. Plaintiff claims unlawful discharge.

## CLAIMS FOR RELIEF

### COUNT I
### DISABILITY DISCRIMINATION
### ADA and PHRA

37. Plaintiff incorporates by reference the above paragraphs.

38. Plaintiff is disabled and/or regarded as disabled under the ADA and PHRA.

39. Plaintiff also has two disabled children for whom he is a primary caregiver.

40. The ADA and PHRA prohibit discrimination not only against individuals with disabilities, but also against qualified employees who are subjected to adverse actions because of their known association with an individual with a disability.

41. Plaintiff was qualified to perform the essential functions of his job with or without accommodation.

42. Defendants discriminated against Plaintiff by refusing to accommodate him, imposing unreasonable conditions, and terminating his employment because of his own disability and/or because of his association with his disabled children.

43. Defendants' actions were intentional, willful, and in reckless disregard of Plaintiff's rights.

44. As a result, Plaintiff has suffered damages.

### COUNT II
### RETALIATION
### ADA and PHRA

45. Plaintiff incorporates by reference the above paragraphs.

46. Plaintiff engaged in protected activity by requesting medical leave, requesting accommodation, and opposing discriminatory treatment.

47. Defendants retaliated against Plaintiff by terminating him.

48. As a result, Plaintiff has suffered damages.

## COUNT III
## HOSTILE WORK ENVIRONMENT
### ADA and PHRA

49. Plaintiff incorporates by reference the above paragraphs.

50. Defendants subjected Plaintiff to severe and pervasive conduct, including dismissive remarks about his limitations and threats of termination, creating a hostile work environment.

51. Such conduct altered the terms and conditions of Plaintiff's employment.

52. As a result, Plaintiff has suffered damages.

## COUNT IV
## INDIVIDUAL LIABILITY OF ADAM WHITE
### PHRA (AIDING AND ABETTING)

53. Plaintiff incorporates by reference the above paragraphs.

54. Defendant Adam White personally participated in the hostile work environment and the decision to terminate Plaintiff and is individually liable under the PHRA.

55. As a result, Plaintiff has suffered damages.

## COUNT V
## INTERFERENCE WITH FMLA RIGHTS

56. Plaintiff incorporates by reference the above paragraphs.

57. Plaintiff was entitled to FMLA leave for his serious health condition.

58. Plaintiff exercised his right to FMLA leave in June–August 2023.

59. Defendants interfered with Plaintiff's rights by failing to restore him to his position on return and by altering conditions of employment to punish him for taking leave.

60. As a result, Plaintiff has suffered damages.

## COUNT VI
## RETALIATION IN VIOLATION OF THE FMLA

61. Plaintiff incorporates by reference the above paragraphs.

62. Plaintiff engaged in protected activity under the FMLA by taking medical leave.

63. Defendants retaliated against Plaintiff by terminating him immediately after his return from leave.

64. As a result, Plaintiff has suffered damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and award the following relief:

a. Declaratory judgment that Defendants violated the ADA, PHRA, and FMLA;

b. Injunctive relief requiring Defendants to adopt and enforce policies to prevent future violations;

c. Reinstatement or, in the alternative, front pay;

d. Back pay, lost wages, and benefits;

e. Compensatory damages for emotional distress, humiliation, and suffering;

f. Liquidated damages under the FMLA;

g. Punitive damages under the ADA and PHRA;

h. Attorneys' fees and costs;

i. Pre- and post-judgment interest; and

j. Such other relief as the Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands

a trial by jury on all issues raised by this complaint.

Respectfully submitted,

**DEREK SMITH LAW GROUP, PLLC**

By: _/s/ Ian M. Bryson, Esquire_
IAN M. BRYSON, ESQUIRE
_Attorneys for Plaintiff_

Dated: August 19, 2025

8