**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JONATHAN RIDEOUT, | : | |
| Plaintiff, | : | |
| | : | NO. 5:25-cv-04766-JMG |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| LB WATER SERVICES, INC., | : | |
| Defendants. | : | ELECTRONICALLY FILED |

**DEFENDANT'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS PARTIALLY-OPPOSED MOTION FOR A STAY OF EXECUTION ON JUDGMENT AND WAIVER OF BOND REQUIREMENT <u>PENDING DISPOSITION OF POST-TRIAL MOTIONS</u>**

Defendant, LB Water Services, Inc., (LBWS), hereby submits this brief in support of its request that, pursuant to Fed. R. Civ. P. 62(a) and (b), this Honorable Court grant a stay of execution on the August 14, 2026 Judgment, without bond, pending resolution of post-trial motions.

*Procedural History/Facts*

On July 14, 2026, a jury returned a verdict in favor of Plaintiff, Jonathan Rideout, on his ADA/PHRA disability discrimination and retaliation claims, awarding $510,000 in compensatory damages. The clerk entered judgment on the verdict on August 14, 2026. The automatic stay provision of Fed. R. Civ. P. 62(a) expires on September 13, 2026.

LBWS is preparing post-trial motions that will be filed on or before September 11, 2026. At a minimum, and *not by way of limitation*, LBWS will present the following motions: 1.) A renewed motion for judgment as a matter of law under Fed. R. Civ. P. 50(b), with alternative or joint request for a new trial under Fed. R. Civ. P. 59(a), 59(e), on the basis that Plaintiff failed to present sufficient evidence supporting his ADA/PHRA disability discrimination and retaliation claims; 2.) A motion for a new trial under Fed. R. Civ. P. 59(a), 59(e), based upon the District

Court's wrongful denial of LBWS's motion in limine to preclude non-expert testimony as to Plaintiff's mental health; 3.) A motion for a remittitur or, in the alternative, motion for a new trial, under Fed. R. Civ. P. 59(a), 59(e), and 60(b)(6), based upon the excessiveness of the jury's verdict in favor of Plaintiff; 4.) A motion for judgment as a matter of law, under Fed. R. Civ. P. 59(e) and 60(b)(6), based upon the District Court's improper denial of LBWS's motion for summary judgment that incorrectly determined that genuine issues of material facts existed with regard to whether LBWS was aware of Plaintiff's childrens' disabilities, and whether LBWS acted because of his association with disabled family members; and 5.) a motion for a new trial, under Fed. R. Civ. P. 59(a), 59(e), because the jury's verdict was against the weight of the evidence.[1]

*Argument*

**I. The Court Should Stay Enforcement of the August 14, 2026 Judgment Entered in the Above-Captioned Matter, and Recovery Thereon and All and Any Other Proceedings to Enforce the Judgment, Including and Encompassing any Possible Future Grant of Back Pay/Front Pay, Interest and Costs, and Attorney's Fees, Without Bond, Pending Resolution of Defendant's Post-Trial Motions.**

*A. Fed. R. Civ. P. 62 provides for a 30-day automatic stay of the August 14, 2026 Judgment and proceedings to enforce it, or until September 13, 2026.*

[1] In *Doe v. Loyalsock Township School District*, No.: 4-21-cv-01343-MWB (July 9, 2026), attached hereto, and made a part hereof, as ***Exhibit "A,"*** the District Court held that, once post-trial motions are filed under Rules 50, 59, or 60, the finality of the initial judgment is suspended until the court either grants or denies the motion. *Id.* at pp. 1-2. It further held that actions at law for the recovery of money can only be enforced by execution after final judgment, and that finality occurs only when a decision ends litigation on the merits, and leaves nothing for the court to do but execute on the judgment. *Id.* at p. 2. The court concluded that the judgment there was not final due to the pendency of a Rule 59(e) filed by the plaintiff, as well as the Rule 50 and Rule 59 motions filed by the defendant. *Id.* at pp. 1-2. As a result, it held that it was not possible to enforce the judgment and the judgment could not be executed upon at that time, rendering any attempted execution on the judgment premature and a stay of execution unnecessary. If this Court were to agree with this reasoning, LBWS requests that it enter an order adopting it to provide clarity on the issue.

LBWS's motion is made pursuant to Federal Rule of Civil Procedure 62, which provides, in part:

> **(a) Automatic Stay.** Except as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise.

*Fed. R. Civ. P. 62(a)*. Neither Rule 62(c) ("Stay of an Injunction, Receivership, or Patent Accounting Order. Unless the court orders otherwise, the following are not stayed after being entered, even if an appeal is taken: (1) an interlocutory or final judgment in an action for an injunction or receivership … .") nor Rule 62(d) ("While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."), apply here. Therefore, execution on the August 14, 2026 Judgment and proceedings to enforce it, including and encompassing any possible future awards of back pay/front pay, interest and costs, and attorney's fees, are currently stayed for 30 days or until September 13, 2026. *Fed. R. Civ. P. 62(a)*.

*B. If this Court does not decide this motion prior to the date the automatic stay expires, it should enter a stay pending disposition of this motion.*

Initially, Defendant LBWS requests that, if this Court does not decide this motion by September 13, 2026, the date that the automatic stay expires, *see Fed. R. Civ. P. 62(a)*, it should issue an order staying execution on the August 14, 2026 Judgment entered in the above-captioned matter, and recovery thereon and all and any other proceedings to enforce the Judgment, including and encompassing any possible future grant of back pay/front pay, interest and costs, and attorney's fees, pending its decision on the instant motion. Plaintiff does not oppose this portion of the motion or the above-requested relief. Additionally, it is requested that

this Court provide a reasonable time after any denial of this motion within which LBWS may post a bond.

*C. A stay without bond should be entered given that the record shows that LBWS is financially capable of satisfying the August 14, 2026 Judgment, and the filing of a bond would be premature at this stage of the case.*

With that procedural request made pending decision on this motion, to obtain a grant of a stay after the 30-day automatic stay of the judgment has expired, a party must normally provide a bond or other security. *See Fed. R. Civ. P. 62(b)* ("At any time after judgment is entered, a party may obtain a stay by providing a bond or other security."). The stay takes effect when a court approves the bond or other security and remains in effect for the time specified in the bond or other security. *Id.* District Courts in the Third Circuit have interpreted Rule 62(b) to permit a stay without a bond given sufficient assurance that the requesting party will remain financially capable of satisfying the judgment. *See e.g. Billman v. Easton Area Sch. Dist.*, 2022 U.S. Dist. LEXIS 155757, at *4 (E.D. Pa. Aug 30, 2022) (citing *McKenna v. City of Phila.*, 2009 U.S. Dist. LEXIS 147032, at *6-7 (E.D. Pa. July 30, 2009) (accepting affidavit of business manager as sufficient evidence of financial capability to satisfy judgment, and granting stay and waiving bond requirement pending disposition of post-trial motions and appeal))*; see also Munoz v. City of Philadelphia*, 537 F. Supp. 2d 749, 751 (E.D. Pa. 2008) (finding an affidavit by City Budget Director was sufficient to show that City had adequate funds to pay a $429,230 judgment against the Philadelphia Redevelopment Authority, which was not exempted from posting a bond under Rule 62(f)); *McKenna*, 2009 U.S. Dist. LEXIS 147032, at *6-7 (accepting affidavit of City Budget Director and holding that bond would not be required from City for imposition of stay, concluding that "the City has sufficient funds to pay the $1,155,341 judgment in favor of the

plaintiffs and that requiring a bond from the City would not provide meaningful additional security … .”).

Here, there is no dispute that LBWS is financially capable of satisfying the judgment and any possible future awards of back pay/front pay, interest and costs, and attorney’s fees. *See Verification/Declaration of Michael E. Schaeffer, CFO*, attached hereto, and made a part hereof, as ***Exhibit “B.”*** Therefore, requiring a bond from LBWS would not provide meaningful additional security. It should not be required to submit a bond in order to obtain a stay pending disposition of post-trial motions. *Billman*, 2022 U.S. Dist. LEXIS 155757, at *4; *McKenna*, 2009 WL 10687590, at *3, 6-7; *Munoz*, 537 F. Supp. 2d at 751. Accordingly, LBWS requests that this Honorable Court grant a stay of execution and/or recovery and all and any other proceedings to enforce the August 14, 2026 Judgment entered in the above-captioned matter, and recovery thereon and all and any other proceedings to enforce the Judgment, including and encompassing any possible future grant of back pay/front pay, interest and costs, and attorney’s fees, until 30 days after the disposition of post-trial motions, without requiring the posting of a supersedeas bond.

In addition, the filing of a bond at this point would be premature. As this Honorable Court is aware, there are outstanding issues yet to be resolved with respect to Plaintiff’s anticipated requests for back pay/front pay, interest and costs, and attorney’s fees. Moreover, Defendant LBWS will raise significant and credible post-trial issues. The resolution of these issues can and/or will affect whether a judgment will remain or be vacated, and may also possible result in an amended judgment that may alter the amount of the bond that LBWS may be required to post in a subsequent appeal should his post-trial motions be denied in whole or in part. Consequently, this Court should issue a stay of execution of the August 14, 2026 Judgment,

including and encompassing any possible future grant of back pay/front pay, interest and costs, and attorney's fees, until 30 days after the disposition of post-trial motions, without requiring the posting of a supersedeas bond. This will provide LBWS with sufficient time, if his post-trial motions are denied, to petition the Court for an Order setting forth the amount of the bond that LBWS must file incident to its anticipated appeal.

**II. In the Alternative, this Court Should Set a Reasonable Bond Amount.**

If the Court determines that Defendant LBWS should obtain a bond pending disposition of LBWS's post-trial motions, LBWS requests that the Court determine an amount that is reasonable, considering that LBWS is financially capable of satisfying the judgment, and also considering the strength of LBWS's post-trial motions listed above. It should also permit LBWS 30 days to secure the bond after any denial of LBWS's present motion/request for a stay without bond.

*Conclusion*

For all of the foregoing reasons, LBWS respectfully submits that this Court should grant its motion for stay, and issue a stay of execution on the August 14, 2026 Judgment and/or recovery thereon and all and any other proceedings to enforce the August 14, 2026 Judgment, including and encompassing any possible future awards of back pay/front pay, interest and costs, and attorney's fees, pending the resolution of LB Water Services, Inc.'s post-trial motions, and the expiration of thirty days following thereafter, and, order that LBWS is not required to post a supersedeas bond or other security is required pending resolution of all post-trial motions (providing 30 days after disposition of post-trial motions within which to post a bond, if necessary).

LBWS also requests that this Court grant the unopposed portion of this motion and order that Plaintiff may not execute on, or file any proceedings to enforce, the August 14, 2026

Judgment in this action, including and encompassing any possible future awards of back pay/front pay, interest and costs, and attorney's fees, pending this Court's disposition of the foregoing motion. It further requests that, after any possible denial of this motion, it grant LBWS a reasonable time within which to post a bond.

Respectfully submitted,
**MARSHALL DENNEHEY, P.C.**
*Counsel for Defendant LBWS*

Dated: August 28, 2026

BY: */s/ Christopher J. Conrad*
Christopher J. Conrad, Esquire
PA Atty. I.D. No. 202348
Daniel P. McGannon, Esquire
PA Atty. I.D. No. 309357

200 Corporate Center Drive, Suite 300
Camp Hill, PA 17011
Ph: (717) 651-3531/(717) 651-3717
Fax: (717) 651-3707
Email: cjconrad@mdwcg.com
dpmcgannon@mdwcg.com

BY: */s/ Thomas A. Specht*
Thomas A. Specht
PA Atty. I.D. No.: 78686
Suzanne T. Tighe
PA Atty. I.D. No.: 80179

P.O. Box 3118
Scranton, PA 18505-3118
Ph: (570) 496-4600
Fax: (570) 496-0567
Email: taspecht@mdwcg.com
sttighe@mdwcg.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JONATHAN RIDEOUT, | : | |
| Plaintiff, | : | |
| | : | NO. 5:25-cv-04766-JMG |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| LB WATER SERVICES, INC. | : | |
| Defendants. | : | ELECTRONICALLY FILED |

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that I served a true and accurate copy of the foregoing document, on all counsel of record, via ECF, on the below date.

**MARSHALL DENNEHEY, P.C.**
*Counsel for Defendant LBWS*

Dated: August 25, 2026 BY: *_/s/ Christopher J. Conrad_*

Christopher J. Conrad, Esquire
PA Atty. I.D. No. 202348
Daniel P. McGannon, Esquire
PA Atty. I.D. No. 309357

200 Corporate Center Drive, Suite 300
Camp Hill, PA 17011
Ph: (717) 651-3531/(717) 651-3717
Fax: (717) 651-3707
Email: cjconrad@mdwcg.com
dpmcgannon@mdwcg.com